Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

C. J. Vert, for appellant.

A. W. Boynton, for respondent.

---

### In re CASE.

(Supreme Court, Appellate Division, Third Department. November 13, 1907.)

GOOD WILL—NATURE OF PROPERTY.

    Good will is an advantage or benefit that has been acquired by, and belongs to, the proprietors of an existing business. It is intangible, and must always attach to and rest upon some principal and tangible thing; and where one had owned an insurance business, but the insurance companies which he formerly represented had all withdrawn their business from him, and he had no lease of the building or office which had been his former place of business, he had no insurance business to which a good will could attach.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Good Will, § 1.

    For other definitions, see Words and Phrases, vol. 4, pp. 3128–3130; vol. 8, p. 7673.]

Appeal from Surrogate's Court, Fulton County.

Proceedings by Margaret M. Case for the settlement of her account as administratrix of the estate of Joseph W. Case. From a decree surcharging her account, the administratrix appeals. Modified and affirmed.

This proceeding was commenced by the administratrix for the judicial settlement of her account. Several creditors filed objections to the account, and the issue was referred to a referee appointed by the surrogate to examine the account and to hear and determine the questions arising upon the settlement thereof. The referee made a report, which was confirmed by the surrogate, and a decree was entered in accordance therewith. It appeared upon the trial and the surrogate found, "that Joseph W. Case, in his lifetime, and in about the year 1898, went into business with Purdy F. Case in the city of Johnstown, N. Y., as insurance agents under the firm name of Case & Co., and continued in business with Purdy F. Case until about 1901, and Joseph W. Case, the decedent, continued in business under the name of Case & Co. down to the time of his death, December 13, 1902; that on the 1st day of December, 1902, all insurance companies which decedent had represented, except one, had withdrawn

their business from him; that at the time of decedent's death all the companies which he ever represented had withdrawn their business from him; that his office was in the Collins & Hanson Building in the city of Johnstown, N. Y., and that he had no lease of the building or office; that the name of Case & Co. constituted good will of decedent's business, and was an asset which passed to said administratrix upon her appointment as such." He also found that the administratrix had neglected to sell and dispose of the insurance business, or the renewal or expiration book, and had failed to account for the same; that the fair market value of the insurance business at the time of the death of decedent was the sum of $800, and the administratrix was chargeable with that sum.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Clarence W. Smith, for appellant.
Borden D. Smith, for respondent.

SEWELL, J. The claim of the respondent is that, notwithstanding every contract by which the decedent was employed as an agent by the insurance companies to solicit insurance and collect premiums had terminated some time before his death, and he could therefore claim no benefit or advantage from the business done or the way in which it had been conducted, the deceased left the good will of an insurance business, which was subject to sale and purchase in the same way and with like effect as other assets which it was the duty of the administratrix to sell. It is my opinion that this claim is unfounded. The good will of a business, as property, is intangible, and must always attach to and rest upon some principal and tangible thing, such as an established business. 20 Cyc. 1276. It is an advantage or benefit that has been acquired by and belongs to the proprietors of an existing business. Boon v. Moss, 70 N. Y. 465. It is unnecessary to inquire whether an agent, acting under a contract for personal services which provides that he shall be paid a commission upon the amount of premiums received on the policies procured by him, can acquire a good will of the business. The proper conclusion in this case must be derived from the fact found in the decision of this case, as to which there is no dispute or controversy, that the deceased had no insurance business or other enterprise, at the time of his death, to which a good will could attach as an incident. From this fact it necessarily follows that whatever benefit or advantage the deceased acquired in the business in which he was employed by the insurance companies did not survive the termination of his contract with them.

The decree should therefore be modified, by striking therefrom the item of $800 charged against the administratrix as the value of the insurance business, also the provision requiring her to pay $100, referee fees, $70, the allowance to the stenographer, and the allowance to the contesting creditors, amounting in the aggregate to the sum of $450, and, so modified, affirmed, with cost of this appeal to the appellant. All concur.